**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CONSUELO ROMERO,**
                **Plaintiff,**

**-vs-**                                      **Case No. 6:08-cv-257-Orl-18DAB**

**ALL STARS DIRECT SERVICES, LLC,**

                **Defendant.**
_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR ENTRY OF CLERK'S DEFAULT AGAINST ALL STARS SERVICES, LLC (Doc. No. 17)**
>
> **FILED:** June 23, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

Although Plaintiff previously served Reina Armenteros, whom she has now dismissed as a Defendant (*see* Doc. No. 16), she has not served the corporation, through a registered agent because the resident agent has died. Doc. No. 17. There are other means by which to perform service on the corporation. Plaintiff's counsel asserts that he had an agreement with a lawyer (who has not filed an appearance in the case) to accept service on behalf of Defendant All Stars Service, LLC, that he served the Complaint by fax, and that the LLC has not yet answered; thus, the LLC should be defaulted. Doc. No. 17.

It is axiomatic that absent good service, the Court has no in personam or personal jurisdiction over a defendant. *Eastman Kodak Co. v. Studiengesellschaft Kohle mbH*, 392 F.Supp. 1152 (D. Del.

1975). Although federal trial courts normally face the issue of personal jurisdiction on a Rule 12(b) motion to dismiss, courts may raise the question *sua sponte* when deciding whether to enter a default judgment when the defendant has failed to appear, since a default judgment entered against a defendant who is not subject to personal jurisdiction is void. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322 (5th Cir. 2001). A federal trial court has an affirmative duty to examine its jurisdiction over the parties when entry of judgment is sought against a party who has failed to plead or otherwise defend. *Williams v. Life Savings and Loan*, 802 F.2d 1200 (10th Cir. 1986). Without personal service of process in accordance with applicable law, a federal court is without jurisdiction to render a personal judgment against a defendant. *Royal Lace Paper Works, Inc. v. Pest-Guard Products, Inc.*, 240 F.2d 814 (5th Cir. 1957).

Pursuant to Federal Rules of Civil Procedure 4(h)(1) service on corporations, partnerships or other unincorporated associations within a judicial district of the United States is accomplished the same as service on individuals in accordance with Rule 4(e)(1) as follows.

> **(h) Service Upon Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> > (1) in a judicial district of the United States:
> > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy to the defendant.

Fed. R. Civ. P. 4 (h)(1), (2). Under Rule 4(e)(1), service is accomplished in accordance with the procedure for service under state law:

> **(e) Service Upon Individuals Within a Judicial District of the United States.**
> Unless federal law provides otherwise, an individual – other than a minro, an

>> incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:
>>
>> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

Fed. R. Civ. Pro. 4 (e)(1).

In this case, Plaintiff has failed to allege any proper or authorized method for service on All Stars Services, LLC. If Plaintiff had obtained a written waiver of service from All Stars Services, LLC, then service by that method would have been effective. However, Plaintiff did not; therefore, All Stars Services, LLC had to be served by personal service via the methods listed in Rule 4. The only personal service actually executed was on the one defendant who has since been dismissed. The Motion is **DENIED** without prejudice to its reassertion **with citation to the applicable federal or state statute for proper service** on the limited liability company, its registered agent, or authorized substitution of service.

The Court also notes that this is not the first case in which Plaintiff's counsel has not cited any authority for a substitution of service and admonishes counsel to file a memorandum of law with citation to the applicable federal or state statutes for service of process, particularly where there is a substitution of service.

**DONE** and **ORDERED** in Orlando, Florida on June 27, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record