**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CONSUELO ROMERO,**
      **Plaintiff,**

**-vs-**                **Case No. 6:08-cv-257-Orl-18DAB**

**ALL STARS SERVICES, LLC,**
      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR DEFAULT JUDGMENT (Doc. No. 28)**
>
> **FILED:**  **October 24, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff Romero sued Defendant for unpaid overtime wages and violation of the minimum wage provision, as well as attorney's fees and costs, pursuant to the Fair Labor Standards Act (29 U.S.C.A. § 201, *et seq.,* herein "the FLSA"). Doc. No. 1. On June 10, 2008, Plaintiff filed a Notice of Voluntary Dismissal of Defendant Reina Armentaros (Doc. 14), and subsequently filed an Amended Complaint against only the corporate Defendant All Stars Direct Services, LLC ("All Star"). Doc. 15.

Following service of process (Doc. No. 21) on August 15, 2008, Defendant All Stars failed to appear and Plaintiff moved for entry of a clerk's default (Doc. No. 24) on October 15, 2008. A default was entered on October 16, 2008. Doc. No. 25. Plaintiff now moves for a default judgment for wages owed, fees and costs incurred, and has filed supporting Affidavits (Doc. No. 28); the matter is now ripe for resolution.

The Court finds that Defendants' failure to timely respond to the Complaint and subsequent entry of default served to admit the well pled allegations of the Complaint. Plaintiff was employed by Defendant All Stars from March 2006 to December 2007 as a local delivery driver. Doc. No. 28-2. Defendant, and Plaintiff as an individual employee, were regularly engaged in interstate commerce by transporting rental cars to and from the airport terminals from off-property national rental car corporations such as Avis and Budget, which were registered in multiple states throughout the United States; customers and some vehicles were from out of state as well. *Id*. ¶ 8. Defendant employed between 40 and 60 local delivery drivers at a time at pay similar to Plaintiff's; thus annual wages totaled approximately $676,000; presumably revenue totaled more than the wage amount. *Id*. ¶ 9.

Under the FLSA, an employer must pay one and one-half times the employee's regular rate for all hours worked in excess of forty hours per work week. 29 U.S.C. § 207(a). During her employment, Plaintiff Romero's regular rate of pay was $6.50 per hour. Doc. No. 28-2 ¶ 4. Plaintiff Romero worked an average of 15 hours of overtime per week for approximately 90 weeks, for which she did not receive overtime wages from Defendant, for 1,350 total hours and $4,387.50 owed. *Id.* ¶ 6.

During the employment of Opt-in[1] Plaintiff Orlando Zaya as a delivery driver from June 15, 2005 to June 8, 2007, his regular rate of pay was $6.50 per hour.  Doc. No. 28-4 ¶ 4.  Zaya worked an average of 15 hours of overtime per week for approximately 103 weeks, for which he did not receive overtime wages from Defendant, for 1,545 total hours and $5,021.25 owed.  *Id.* ¶ 6.  As Defendant has defaulted, the Court finds that *Id.* ¶ 7.  Opt-in Plaintiff Nitza Casiano was employed from January to April 2007 as a delivery driver, and his regular rate of pay was $6.70 per hour.  Doc. No. 28-5 ¶ 4.  Casiano worked an average of 15 hours of overtime per week for approximately 16 weeks, for which he did not receive overtime wages from Defendant, for 240 total hours and $804.00 owed.  *Id.* ¶ 6.  The third Opt-in Plaintiff, Christian Irizarry, was employed as a delivery driver from February to December 2007, and his regular rate of pay was $6.50 per hour.  Doc. No. 28-5 ¶ 4.  Casiano worked an average of 15 hours of overtime per week for approximately 48 weeks, for which he did not receive overtime wages from Defendant, for 720 total hours and $2,340.00 owed.  *Id.* ¶ 6.

As Defendant has defaulted, the Court finds that Plaintiffs are entitled to the entry of judgment on the issue of liability for overtime wages and liquidated damages of an equal amount in the following amounts:

|  | Overtime owed | Total with Liquidated Damages |
|---|---|---|
| Conseulo Romero | $4,378.50 | $8,775.00 |
| Orlando Zaya | $5,021.25 | $10,042.50 |
| Nitza Casiano | $804.00 | $1,608.00 |
| Christian Irizarry | $2,340.00 | $4,680.00 |

---

[1] Consents to Join were filed by three other employees, Nitza Casiano, Orlando Zayas, and Christian Irizarry.  Doc. No. 11, 12.

| | |
|---|---:|
| Total | **$25,105.50** |

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). As the mandatory language of the Act says "in addition to any judgment", it is clear to this Court that a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery. This is in keeping with the legislative history of the Act, which reflects Congress' desire to protect workers and discourage unscrupulous employers."

Plaintiff seeks to recover $4,850.00 for attorney's fees and $490.00 in allowable costs for service of process and filing fee. Doc. No. 28-10 at 2. Plaintiff's counsel avers that he spent 19.40 hours of time prosecuting this matter, at an hourly rate of $250.00 per hour. Doc. No. 28-9. Counsel has presented an itemized list of the services provide by his firm, and the time spent by attorneys and the paralegal appears reasonable for the tasks completed. *Id.* The Court finds $250.00 per hour for attorney work to be a reasonable rate in this FLSA case. Having considered the amount and nature of damages awarded, the court may lawfully award fees without reciting the 12 factors bearing on reasonableness. *Farrar v. Hobby,* 506 U.S. 103, 115 (1992).

In view of all of the foregoing, it is **respectfully recommended** that final judgment be entered in the respective Plaintiffs favor against Defendant All Stars Services, LLC in the amounts of set forth above for damages, **$4,850** in attorney's fees, and **$490.00** in costs (filing fee and service of process charge).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 1, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy